1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO MYLES, | CV F   04 5329 AWI SMS P |
| Plaintiff, | ORDER DISREGARDING MOTION TO KNOW STATUS OF CASE (Doc.  13.) |
| v. | ORDER DISMISSING WITH LEAVE TO AMEND (Doc.  1.) |
| J.W. SULLIVAN, et.  al., | |
| Defendants. | ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |
| _____/ | |

17   Reynaldo Myles ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18   in this civil rights action filed pursuant to 42 U.S.C. § 1983.

19   Plaintiff filed the instant action on February 23, 2004.  On April 22, 2005, Plaintiff filed a

20   Motion to know the status of his case.

21   **A.  SCREENING REQUIREMENT**

22   The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7  complaint under this standard, the court must accept as true the allegations of the complaint in

8  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11  **B. SUMMARY OF COMPLAINT**

12      On March 20, 2003, Plaintiff and another inmate were escorted by Officer Lippert back to

13  the culinary area from the Level II Muslim chapel following Ramadan services.  The two inmates

14  came into contact with one Ms. Jackson, a civilian employee, and requested that she let them out

15  of the kitchen. Ms. Jackson replied that an officer had to let them out and said she would go

16  find one.  Officer Busby then arrived and asked what the two inmates were doing in the kitchen

17  and who let them in.  Plaintiff responded that they were finished with their duties, that the Chapel

18  Officer escorted them there but that they did not have keys to leave the kitchen and needed to

19  return to continue with worship.  Officer Busby then became belligerent and angry and ordered

20  Plaintiff to face the wall.  Plaintiff complied and was placed in handcuffs.  Plaintiff noticed Ms.

21  Jackson watching from another area in the kitchen and that Officer Fry was also present.

22  Plaintiff indicates that Officer Busby was retaliating against him for "exercising his freedom of

23  speech."  When Plaintiff turned to face Defendant Busby, the Defendant withdrew his pepper

24  spray and sprayed him in the left eye.   The next day, Plaintiff was charged with Battery on a

25  peace officer and the matter was referred to the Kings County District Attorney's Office for

26  possible prosecution.  The District Attorney, however, declined to prosecute.  Plaintiff was given

27  an Investigative Employee; however, Defendant reviewed the Investigative Report conducted by

28  Officer Gentry and believed it to be false.

1   Plaintiff alleges that Defendant Busby retaliated against him for exercising his freedom of

2   speech, used excessive force, that Defendant Fry denied him equal protection, that Captain

3   Quinones and Warden Sullivan failed to train and supervise and that Defendant Gentry's

4   Investigative Report was false.  Plaintiff also alleges a violation of Due Process.

5   **C.  ANALYSIS OF CLAIMS**

6       *1.  Retaliation*

7       Allegations of retaliation against a prisoner's First Amendment rights to speech or to

8   petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532

9   (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

10  Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  To establish a prima facie case, plaintiff must allege

11  and show that defendants acted to retaliate for his exercise of a protected activity, and defendants'

12  actions did not serve a legitimate penological purpose.  See Barnett v. Centoni, 31 F.3d 813, 816

13  (9th Cir. 1994); Pratt 65 F.3d at 807.  The injury asserted in retaliation cases is the retaliatory

14  conduct's chilling effect on the plaintiff's First Amendment rights.  See Hines v. Gomez, 108

15  F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

16      A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus

17  between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action).

18  McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of

19  Educ. v. Doyle, 429 U.S. 274 (1977).  The prisoner must submit evidence, either direct or

20  circumstantial, to establish a link between the exercise of constitutional rights and the allegedly

21  retaliatory action.  Pratt, 65 F.3d at 806.  Timing of the events surrounding the alleged retaliation

22  may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's

23  Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

24      In this case, Plaintiff alleges that Defendant Busby was retaliating against him for

25  exercising his freedom of speech.  However, it is unclear exactly what Plaintiff means by this.

26  According to the facts, other than responding to questions posed by Defendant Busby, it does not

27  appear that Plaintiff was otherwise engaged in any protected activity.  Accordingly, Plaintiff's

28  conclusory allegation is insufficient to state a cognizable claim for relief under Section 1983.

3

### 2. Excessive Force

The use of excessive force by a prison official violates the eighth amendment. <u>Hudson v. McMillian</u>, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an Eighth Amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " <u>See</u> <u>id.</u> at 6 (<i>quoting</i> <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." <u>Id.</u> at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. <u>Hudson</u>, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Id</u>. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." <u>Id</u>. (<i>citing</i> <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973) (<i>cert. denied sub nom.</i> <u>Johnson</u>, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition <u>de</u> <u>minimis</u> uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" <u>Id</u>. at 9-10.

Here, Plaintiff's allegation that Defendant Busby sprayed him in the eye while handcuffed sufficiently states a cognizable claim of excessive force.

### 3. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. <u>See</u> <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a

1  violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show

2  that defendants acted with intentional discrimination against plaintiff or against a class of

3  inmates which included plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)

4  (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No.

5  14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

6  1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City

7  of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

8  Plaintiff alleges that Defendant Fry, who was allegedly present during the handcuffing

9  and spraying of Plaintiff, denied him equal protection.  Plaintiff, however, provides no further

10  facts as to how any act or omission by Defendant Fry constituted a denial of equal protection.  As

11  Plaintiff's allegation is purely conclusory, it is insufficient to state a cognizable claim for relief of

12  a denial of Equal Protection by Defendant Fry.

13  ### 4. Inaccurate Investigative Report

14  The Ninth Circuit has not found that prisoners have an independent right, grounded in the

15  Due Process Clause, to an accurate prison record.  Hernandez v. Johnston, 833 F.2d 1316, 1319

16  (9th Cir. 1987) (Because the Court found that Washington law provided a liberty interest in

17  accurate prison record information, the Court declined to reach the issue of whether the Due

18  Process Clause itself provided such a right).  Liberty interests created by prison regulations are

19  limited to freedom from restraint which "imposes atypical and significant hardship on the inmate

20  in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995).

21  Thus, to the extent that Plaintiff challenges the information in the Investigative Report by Officer

22  Gentry, he has no liberty interest in the accuracy of such report and thus, fails to state a

23  cognizable claim for relief.

24  ### 5. Due Process

25  #### a. Procedural

26  The Due Process Clause of the Fourteenth Amendment protects prisoners from being

27  deprived of life, liberty, or property without due process of law.  Wolff v. McDonnell, 418 U.S.

28  539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was

1   deprived of a protected interest without procedural due process.

2            **b. Substantive**

3     "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required

4   to prove that a challenged government action was clearly arbitrary and unreasonable, having no

5   substantial relation to the public health, safety, morals, or general welfare.  Where a particular

6   amendment provides an explicit textual source of constitutional protection against a particular

7   sort of government behavior, that Amendment, not the more generalized notion of substantive

8   due process, must be the guide for analyzing a plaintiff's claims."  <u>Patel v. Penman</u>, 103 F.3d

9   868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117

10   S. Ct. 1845 (1997); <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 842 (1998).  Plaintiff has not

11   alleged any facts that would support a claim that his rights under the substantive component of

12   the Due Process Clause were violated.

13        As in the case above, Plaintiff again pleads no facts that would support a claim that his

14   substantive Due Process rights were violated.

15        In addition, Plaintiff fails to link any of the named defendants to any act or omission

16   giving rise to the alleged violation of Due Process.  The Civil Rights Act under which this action

17   was filed provides:

18            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the

19            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at

20            law, suit in equity, or other proper proceeding for redress.

21

22   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

23   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

    <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

24   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

25   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

26   in another's affirmative acts or omits to perform an act which he is legally required to do that

27   causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th

28

1   Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

2   defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

3   federal rights.

4           As Plaintiff links no Defendant to any act or omission and does not provide any factual

5   basis for his allegation of a Due Process violation, he fails to state a cognizable Due Process

6   claim for relief under Section 1983. Accordingly, this claim must be dismissed.

7           *6. Supervisory Liability*

8           Supervisory personnel are generally not liable under section 1983 for the actions of their

9   employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named defendant holds a

10  supervisorial position, the causal link between him and the claimed constitutional violation must

11  be specifically alleged. <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v.</u>

12  <u>Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).

13          To state a claim for relief under section 1983 based on a theory of supervisory liability,

14  plaintiff must allege some facts that would support a claim that supervisory defendants either:

15  personally participated in the alleged deprivation of constitutional rights; knew of the violations

16  and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the

17  policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

18  constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

19  omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading

20  standards are broad, some facts must be alleged to support claims under section 1983. <u>See</u>

21  <u>Leatherman v. Tarrant County Narcotics Unit</u>, 507 U.S. 163, 168 (1993).

22          Plaintiff has not alleged any facts indicating that defendants personally participated in the

23  alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

24  them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

25  of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v.</u>

26  <u>Black</u> at 646.

27  **D. MOTION TO KNOW STATUS**

28          On April 22, 2005, Plaintiff asked the Court for the status of his case. As noted in the

1    Court's informational Order issued on March 31, 2004, the Court has hundreds of similar cases

2    filed by inmates pending before it at any given time.  Given the sheer volume of prisoner cases,

3    the Court can experience delay in moving the case along.  For this reason it is important that a

4    party proceeding in pro per keep the Court informed as to the current mailing address.  A party

5    should not fear that his case has been forgotten and should refrain from filing Motions to know

6    the status of the case.  Generally, the filing of unnecessary Motions can serve to detract the

7    Court's attention from handling cases to resolving the unnecessary Motions.  Rest assured, the

8    Court will proceed with the next phase of the case in due course.  In any event, as the Court has

9    conducted its preliminary screening of the case in this Order, the Motion to Know Status is

10   DISREGARDED.

11   **E. CONCLUSION AND ORDER**

12          The Court finds Plaintiff's complaint states a cognizable claim of excessive force in

13   violation of the Eighth Amendment claim against Defendant Busby.  However, Plaintiff's

14   complaint does not contain any other cognizable claims for relief.  As such, the Court will grant

15   Plaintiff the opportunity to file an Amended Complaint to cure the deficiencies, or, in the

16   alternative, notify the Court in writing whether Plaintiff wishes to proceed directly with the

17   claims found to be cognizable.   Plaintiff should note that Local Rule 15-220 requires that an

18   Amended Complaint be complete in itself without reference to prior pleadings.

19          In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue

20   Findings and Recommendations to dismiss those claims not cognizable.  The Court will then

21   forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to

22   effect service on the Defendants.  Upon the return of these forms, the Court will direct the US

23   Marshal to initiate service of process on Defendants.

24          Based on the foregoing, it is HEREBY ORDERED that:

25          1.      The Motion to Know Status is DISREGARDED;

26          2.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

27                  complaint form;

28          3.      The Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days

                                                    8

from the date of service of this order, Plaintiff SHALL either:

    a.    File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

    b.    Notify the Court in writing that he does not wish to file an Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **May 12, 2005**            _____**/s/ Sandra M. Snyder**_____
icido3                                            UNITED STATES MAGISTRATE JUDGE