# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

REYNALDO MYLES,

Plaintiff,

v.

J.W. SULLIVAN, et. al.,

Defendants.

_______________________________________/

CV F 04 5329 AWI SMS P

ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND (Doc. 16.)

ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM

Reynaldo Myles ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 23, 2004. The Court dismissed the Complaint with leave to amend on May 12, 2005. On June 6, 2005, Plaintiff filed an Amended Complaint. Plaintiff names Warden Sullivan, Facility Captain Quinones, and Correctional Officers Busby, Fry and Gentry as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

On March 20, 2003, Plaintiff and another inmate were escorted by Officer Lippert back to the culinary area from the Level II Muslim chapel following Ramadan services. As they approached the kitchen, the officer opened the door and left the two inmates in the culinary area, where the inmates put the food carts in their proper place. The inmates asked Ms. Jackson, a civilian employee, to let them out of the kitchen area and were told by her that they needed an officer to let them out and that she would go get one. Officer Busby then asked the inmates what they were doing in the kitchen area and wanted to know who had let them in. Plaintiff responded that they were finished with their duties, that the Chapel Officer escorted them there but that they did not have keys to leave the kitchen and needed to return to continue with worship. Officer Busby then became belligerent and angry and ordered Plaintiff to face the wall. Plaintiff

complied and was placed in handcuffs. Plaintiff noticed Ms. Jackson watching from another area in the kitchen. Plaintiff indicates that he knew then that Officer Busby was retaliating against him for "exercising his freedom of speech." When Plaintiff turned to face Defendant Busby, the Defendant withdrew his pepper spray and sprayed him in the left eye. The next day, Plaintiff was charged with Battery on a peace officer and the matter was referred to the Kings County District Attorney's Office for possible prosecution. The District Attorney, however, declined to prosecute.

Plaintiff alleges that Defendant Busby imposed on him cruel and unusual punishment. Plaintiff states that Defendant Fry was also present at the incident and assisted in covering up the incident. Plaintiff also alleged that the Warden and Facility Captain failed to train and supervise their employees. Plaintiff states that Officer Fry's actions denied him equal protection.

Plaintiff states that he was given an Investigative Employee, Defendant Gentry who wrote a false report. Plaintiff is seeking compensatory and punitive damages.

**C. ANALYSIS OF CLAIMS**

***1. Retaliation***

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or

circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff was informed previously of what is needed to state a retaliation claim and again has failed to allege sufficient facts to make a cognizable claim against any of the Defendants. As in the prior case, it does not appear from the facts that Plaintiff was engaged in any protected activity. Thus, he again fails to state a claim of retaliation.

***2. Excessive Force***

The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an Eighth Amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. Hudson, 503 U.S. at 7.

The Supreme Court has further held that not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (*citing* Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (*cert. denied sub nom.* Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical

force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Here, Plaintiff's allegation that Defendant Busby sprayed him in the eye while handcuffed sufficiently states a cognizable claim of excessive force. However, Plaintiff does not state any facts sufficient to state a claim against any of the other Defendants.

***3. Equal Protection***

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff again states that Defendant Fry denied him equal protection. However, again, he provides no further facts as to how any act or omission by Defendant Fry constituted a denial of equal protection. As such, Plaintiff does not state a cognizable claim for relief of a denial of equal protection against any defendant.

In addition, Plaintiff fails to link any of the named defendants to any act or omission giving rise to the alleged violation of Due Process. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Again, Plaintiff fails to link Defendant Gentry and fry to any act or omission giving rise to a constitutional violation. As such, these Defendants must be dismissed from the action.

***4. Supervisory Liability***

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).

To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Although Plaintiff states that Defendants Sullivan and Quinones are responsible for training and supervision of their employees, Plaintiff has not alleged any facts indicating that

these Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. As such, he again does not state a claim against these individuals.

**D. CONCLUSION AND ORDER**

As in the Court's prior Order, the Court finds Plaintiff's complaint states a cognizable claim of excessive force in violation of the Eighth Amendment claim against Defendant Busby only. However, Plaintiff's complaint does not contain any other cognizable claims for relief. The Court will grant Plaintiff the opportunity to file yet another Amended Complaint to cure the deficiencies should he choose to do so. However, given Plaintiff's repeated failure to allege sufficient facts against all of the Defendants except Defendant Busby for excessive force, Plaintiff may wish to consider moving ahead with that claim only. If this is the route Plaintiff wishes to take, he should simply notify the Court in writing that he wishes to proceed directly with the claims found to be cognizable.

In the event Plaintiff wishes to proceed on the cognizable claims, the Court will issue Findings and Recommendations to dismiss those claims not cognizable. The Court will then forward Plaintiff a summons and USM-285 form to fill out and return to the Court in order to effect service on the Defendants. Upon the return of these forms, the Court will direct the US Marshal to initiate service of process on Defendants.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL either:

   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file a Second

Amended Complaint and instead wishes to proceed on the cognizable claims for relief set forth in this Order.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated: October 10, 2006** **/s/ Sandra M. Snyder**
icido3 UNITED STATES MAGISTRATE JUDGE