IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reynaldo Myles,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>J. Busby,<br><br>　　　　Defendant. | No. 1:04-CV-5329-JAT (PC)<br><br>**ORDER** |

The Court notes that on November 17, 2006, Plaintiff filed a second amended complaint. In this second amended complaint, Plaintiff named only Defendant J. Busby. "An amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be 'complete in itself without reference to the prior or superceded pleading;' Local Rule 15-220." *Dowdy v. Raman*, 2008 WL 1901330, *3 (E.D. Cal. 2008). Thus, the Defendants named in the original complaint and not named again in the second amended complaint are all dismissed.

The only remaining Defendant, J. Busby, answered on December 11, 2008. Plaintiff has various motions pending. The Court will proceed to address Plaintiff's motions and then set the scheduling deadlines.

Pursuant to the first paragraph, IT IS ORDERED that Warden Sullivan, A. Quinones, D. Fry, and P. Gentry are all terminated from this action.

IT IS FURTHER ORDERED that Plaintiff's motion to expedite and two motions for extension of time (Docs. #29, 37, and 40) are all denied.

IT IS FURTHER ORDERED that Plaintiff's request that this Court find Defendant to be in default (Doc. #41) is denied.

IT IS FURTHER ORDERED that discovery shall proceed as follows:

**Deadlines:**

1. Motions to dismiss for failure to exhaust administrative remedies pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) are due by **February 17, 2009.**

2. Motions to amend the complaint are due by **February 27, 2009.**

3. If no motion to amend the complaint is filed, any motion to amend the answer is due by **March 13, 2009.**

4. The party with the burden of proof on an issue shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704, and 705 no later than **April 1, 2009**.[1]  The responding party (not having the burden of proof on the issue) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704, or 705 no later than **April 17, 2009**.  The party with the burden of proof on the issue shall make its rebuttal expert disclosure, if any, no later than **May 1, 2008**. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made. (The disclosures of the identities of any persons who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704, or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to

---

[1] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

- 2 -

      provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.)

5. Any motions to compel, motions for protective order, or any other motion relating to a discovery request or response is due by **June 30, 2009**. Any response to a discovery motion is due within 10 business days. No replies will be permitted. Due to this deadline, the parties must propound their last written discovery no later than 40 calendar days before this deadline.

6. The deadline for completing all discovery is **July 24, 2009**.

7. The deadline for filing dispositive motions (other than unenumerated 12(b) motions) is **August 16, 2009**.

**Other admonitions:**

1. Regardless of any federal rule or local rule to the contrary, a copy of all discovery requests and responses thereto shall be filed (by filing a notice of filing with the entire document attached, not under seal, but with any confidential information redacted) with the Clerk of the Court to aid this Court's access to the documents (the failure to comply with the portion of the Order shall not affect the obligation of the party receiving the request to timely respond; however, if a party later disputes the receipt of a request or a response, the failure to file it with the Court will be deemed proof that such document was never sent).

2. Regardless of and federal rule or local rule to the contrary, the parties are not required to meet and confer before filing a discovery motion.

2. Responses to written discovery shall be due 30 days after the request is first served.

3. Pursuant to Federal Rule of Civil Procedure 30(a), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that at least 14 days before any such deposition, defendant must serve plaintiff with the notice required by Federal Rule of Civil Procedure 30(b)(1).

4. The Court will set a deadline for filing motions in limine and other deadlines related to filing the final pretrial order after either the dispositive motion deadline passes without the filing of any motion, or after the Court rules on any dispositive motions.

5. The filing of any motions listed above does NOT stay any other deadline set in this Order and the parties are expected to continue with discovery and motion practice while any motion is pending with the Court.

6. Due to the age of this case, the parties should not anticipate, expect or rely to their detriment on any extensions of these deadlines being granted.  Further if a motion to extend any deadline set herein is filed, the parties MUST explain in detail what efforts were taken to meet the deadline.

7. Each party shall file **no more than one motion for summary judgment**.

DATED this 20th day of January, 2009.

_____
James A. Teilborg
United States District Judge