IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Fresno Division)

| | | |
|---|---|---|
| Reynaldo Myles, | ) | No. 1:04-CV-5329-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| J. Busby, | ) | |
| Defendant. | ) | |

**IT IS ORDERED** that Defendant's unopposed motion for a protective order (Doc. #60) is granted to the extent that Defendant need not respond to Plaintiff's untimely Second Set of Request for Production of Documents and Requests for Admissions.[1]

**IT IS FURTHER ORDERED** that Defendant's motion to strike the filing at Doc. #65 because it was not filed by Plaintiff, nor by an attorney for Plaintiff,[2] (Doc. #67) is granted; the Clerk of the Court shall strike Doc. #65 from the record.

/ / /

/ / /

---

[1] The Court denies the additional relief sought of striking these documents from the record.

[2] *See Pope Equity Trust v. U.S.*, 818 F.2d 696, 697-98 (9th Cir. 1987).

**NOTICE - WARNING TO PLAINTIFF**

Defendant has filed a Motion to Dismiss. Defendant's motion to dismiss seeks to have your case dismissed. The motion will, if granted, end your case.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to the Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action without prejudice. *See Brydges v. Lewis,* 18 F.3d 651 (9th Cir. 1994) (per curiam). Because Defendant's Motion to Dismiss seeks dismissal of your Complaint for your failure to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a), the Court may consider sworn declarations or other admissible documentary evidence beyond your Complaint. Moreover, if Defendants produce admissible evidence demonstrating that you failed to exhaust your administrative remedies, your Complaint will be dismissed without prejudice unless you produce copies of your grievances and grievance appeals or other admissible evidence sufficient to show that you did exhaust all available administrative remedies. *See Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003).

**IT IS THEREFORE ORDERED that**:

1. **Response** - Plaintiff shall have until August 31, 2009 within which to respond to Defendant's Motion to Dismiss, filed July 20, 2009 (Doc. #69).

2. **Reply** - Defendants shall have fifteen days from service of the responsive memorandum within which to file a reply.

3. **Consideration of Motion** - The Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 31st day of July, 2009.

James A. Teilborg
United States District Judge