**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Reynaldo Myles,<br><br>    Plaintiff,<br><br>vs.<br><br>J. Sullivan, et al.,,<br><br>    Defendant. | No. CV-04-5329-JAT-PHX-JAT<br><br>**ORDER** |

## I. BACKGROUND

Plaintiff Reynaldo Myles, a prisoner housed at the San Diego Correctional Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against officer J. Busby ("Defendant"). Plaintiff alleges that Defendant utilized excessive force in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishments.

Defendant moved to dismiss Plaintiff's suit on the basis that Plaintiff failed to exhaust his administrative grievance remedies. (Doc. #69). For the following reasons, the Court grants Defendant's motion.

## II. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA), restricts a prisoner's ability to bring section 1983 actions in federal court, requiring the exhaustion of all available administrative remedies. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill,* 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff,* 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is a requirement for all

1 suits regarding prison life. *Porter v. Nussle*, 534 U.S. 516, 523 (2002). This standard does
2 not change based upon the type of relief offered during the administrative process; a prisoner
3 must fully exhaust available remedies, even if the precise type of relief requested is not
4 available in the prison system. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Prisoners must
5 complete all stages of the administrative review and they must complete the process in
6 accordance with all applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

7 California grants inmates and parolees the right to administratively appeal "any
8 departmental decision, action, condition, or policy perceived by those individuals as
9 adversely affecting their welfare." CAL. CODE REGS. tit. 15, § 3084.1(a) (2004). In order to
10 exhaust available administrative remedies within the California system, a prisoner must
11 proceed through several levels of appeal: 1) informal resolution; 2) formal written appeal on
12 a CDC 602 inmate appeal form; 3) second-level appeal to the institution head or designee;
13 and 4) third-level appeal to the Director of the California Department of Corrections. *See id.*
14 § 3084.5; *Barry v. Ratelle*, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997). Appeals regarding
15 departmental decisions, actions, or conditions adversely affecting a prisoners welfare must
16 be made within 15 working days of the event or decision being appealed. CAL CODE REGS.
17 tit. 15 §§ 3084.1(a) & 3084.6(c). A final decision at the director's level satisfies the
18 exhaustion requirement under PLRA. *Barry*, 985 F.Supp at 1237-38.

19 Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007).
20 Therefore, the defendant bears the burden of raising and proving the absence of exhaustion.
21 *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Exhaustion is a matter in abatement
22 raised via an unenumerated Rule 12(b) motion; as such, a court may look beyond the
23 pleadings to decide disputed issues of fact. *Id.* At 1119-20. Further, a court has broad
24 discretion as to the method to be used in resolving any factual disputes. *Ritza v. Int'l*
25 *Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation
26 omitted). If the court concludes that the prisoner has not exhausted California's prison
27 administrative process, the proper remedy is dismissal without prejudice. *Wyatt*, 315 F.2d at
28 1120.

**III. CONTENTION OF THE PARTIES**

Plaintiff alleges that on March 20, 2003, an officer at the California Correctional Institute ("CCI") in Tehachapi, California used excessive force. Specifically, Plaintiff alleges that the use of pepper spray on his face and left eye violated his Eighth Amendment right to be free from cruel and unusual punishments. Plaintiff filed a timely, but incomplete, inmate appeal on April 11, 2003. Plaintiff's appeal was returned to him with a request to furnish additional documents. The returned appeal contained the instruction to "return this screening form <u>with</u> your CDC-602."**[DOC #75 p 18-20]**

The Defendant argues that Plaintiff's claim should be dismissed for failing to exhaust available remedies. Defendant contends that Plaintiff did not resubmit his 602 appeal and that this failure to follow California's Inmate Appeals process is fatal to Plaintiff's claim. Defendant states that Plaintiff did not pursue his available administrative remedies prior to filling this lawsuit.

To support this factual allegation, Defendant submitted the declarations of M. Boutee the Appeals Coordinator at CCI (DOC. #69-5) and N Grannis, Chief of the Inmate Appeals Branch. (Doc. #69-3). Together, the declarations demonstrate the Plaintiff did not exhaust his remedies. The Boutee declaration avows that Plaintiff filed three inmate appeals that were accepted for review between the date of the alleged incident and the date Plaintiff filed suit; all other appeals were "screened out," for failing to comply with required procedures. Boutee states that none of the properly filed appeals related to the incident involved in this lawsuit.

The Grannis declaration similarly avows that Plaintiff did not exhaust his remedies under the PLRA. Grannis states that the Plaintiff obtained only one Director's Level Decision between the date of the incident and the date of the lawsuit. The single Director's Level Decision did not relate to the facts of this lawsuit; instead, it was related to a request for an inmate transfer.

In his response, Plaintiff does not directly challenge the accuracy of Defendant's evidence. Plaintiff instead argues that 1) Plaintiff has stated a claim upon which relief may be granted; 2) Plaintiff properly has exhausted his available remedies; 3) the Defendant does

1 not enjoy sovereign immunity; 4) Plaintiff's claim is not barred by a statute of limitations;
2 and 5) the principle of equitable tolling allows Plaintiff's claim to survive despite a failure
3 to exhaust.**[Doc. #75]**

4 Plaintiff additionally disputes the Declarations of Grannis and Boutee; however,
5 Platiniff does not directly dispute the factual allegation of Grannis and Boutee, instead he
6 insists that his 602 appeals were properly filed.**[Doc. #75 p 12-15]**

7 To support this argument, Plaintiff points to his timely-filed but incomplete appeal.
8 Significantly, Plaintiff does not argue that this appeal was re-filed with additional
9 documentation. Instead, he insists that he did not attach the required documents originally
10 because they were not in his possession. Although Plaintiff admits that he obtained the
11 required documents twelve working days later on April 29, 2003, he does not provide an
12 explanation for why he did not timely re-file. [**Doc. #75 p 5-6**] Plaintiff then provides
13 additional 602 appeals filed on May 13, June 17 and June 19, 2003. **[Doc. #75 p 25, 29-31]**

14 Defendant's reply notes that these later 602 appeals were untimely. **[Doc #76 p 2]**
15 California requires all appeals be filed within 15 working days of the alleged incident or
16 departmental decision. CAL CODE REGS. tit. 15 §§ 3084.1(a) & 3084.6(c); (specifically
17 requiring re-submissions of rejected appeals to be filed within 15 days of the rejection).

18 **IV. ANALYSIS**

19 The declarations and exhibits Defendant has presented show that Plaintiff failed to
20 properly exhaust his available administrative remedies. Plaintiff filed a timely 602 appeal that
21 was rejected as incomplete. Plaintiff received the documents necessary to re-file his appeal
22 within the fifteen-day time limit. Rather than promptly re-file with the required documents,
23 Plaintiff waited two weeks and then filed a *new* 602 appeal. This new appeal was untimely
24 because it was filed after the fifteen-day time requirement provided in regulation 3084.6(c).
25 Plaintiff does not offer any explanation for why he did not re-file, instead he requests that he
26 be granted an exception to the exhaustion requirement and be allowed to file a claim under
27 section 1983.

28

1 The Ninth Circuit has not determined if courts may grant exceptions to PLRA's exhaustion requirement. *Ngo v. Woodford,* 539 F.3d 1108, 1110 (9th Cir. 2008). However, even if such exceptions exist, they would not apply here. An exception may only be granted in a limited set of circumstances. *Id.* Plaintiff would need to demonstrate "that administrative procedures were unavailable, that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting because procedures for processing grievances weren't followed." *Id.* Plaintiff does not offer evidence that any of these exceptions applied, rather he continues to maintain that he has properly exhausted his available remedies.

The record indicates that Plaintiff failed to exhaust his available remedies. Plaintiff's attachments do nothing to disprove the Declarations of Busbee or Grannis. In addition, Defendant's statements and attachments demonstrate that Plaintiff did not re-file his original 602 within the time limits provided in regulation 3084.6(c). The Court finds the objective declarations of Busbee and Grannis, which contain factual statements, to be more credible than Plaintiff's conclusory affidavit. The facts presented militate a finding that Plaintiff failed to exhaust his available administrative remedies and that he failed to follow proper procedure.

Plaintiff's additional arguments regarding stating a claim upon which relief can be granted, sovereign immunity, the statute of limitations and tolling do not chance this Court's ruling. Exhaustion is not within the discretion of the courts to excuse; a factual finding that a Plaintiff has failed to exhaust his remedies requires dismissal. *Woodford*, 548 U.S. at 85.

Finally Plaintiff requests the appointment of counsel to assist in preparing his case (Doc. #85). There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982) The appointment of counsel is required only when exceptional circumstances are present. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting

- 5 -

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. *Id.* The Court has reviewed and evaluated the Complaint, and finds this action presents no "exceptional circumstances" requiring the appointment of counsel. Accordingly, the Court denies Plaintiff's Motion.

**V. CONCLUSION**

For the aforementioned reasons,

IT IS ORDERED that Defendant's Motion to Dismiss Second Amended Complaint (Doc. #69) is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Surreply (Doc. #80) is DENIED; Defendant's Motion to Strike Plaintiff's Second Surreply (Doc. #82) is DENIED. Plaintiffs's Motion for Appointment of Counsel (Doc. #85) is DENIED; and Plaintiff's Motion Requesting the Court to Adopt his Case (Doc. #86) is DENIED.

IT IS FURTHER ORDERED that, based on the foregoing, the Clerk of the Court shall enter judgment of DISMISSAL, without prejudice, in favor of Defendant, and against Plaintiff.

DATED this 10th day of March, 2010.

James A. Teilborg
United States District Judge