1   **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Reynaldo Myles,                    )    No. CV-04-05329-JAT
                                        )
10             Plaintiff,               )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     J. Sullivan et al.,                )
13                                      )
               Defendant.               )
14                                      )
                                        )
15   _____)

16

17         Pending before the Court are the following motions filed by Plaintiff Reynaldo Myles:

18   (1) "Motion to Reopen and Request for Extension of Time" (Doc. # 89), which the Court

19   construes as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil

20   Procedure; (2) "Motion for Permission to Add Additional Documents Pertaining to Motion

21   to Re-open and Request for Extension of Time to Amend" (Doc. # 91); and (3) "Motion for

22   Leave of Court to Amend" (Doc. # 92).  For the reasons that follow, the Court will deny

23   Plaintiff's pending motions.

24   **I.    BACKGROUND**

25         Plaintiff, a prisoner housed at the California Correctional Institute in Tehachapi,

26   California, filed a *pro se* civil rights action under 42 U.S.C. § 1983 against officer J. Busby

27   ("Defendant").  Plaintiff alleges that on March 20, 2003, Defendant utilized excessive force

28   in violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual

1   punishments.  Plaintiff filed a timely, but incomplete, inmate appeal on April 11, 2003.

2   Plaintiff's appeal was returned to him with a request to furnish additional documents.  The

3   returned appeal contained the instruction to "return this screening form with your CDC-602."

4   (Doc. # 75 p 18–20.)  Plaintiff did not return the appeal with the additional documents.

5   Instead, Plaintiff subsequently filed "grievances" on May 12, May 13, May 19 and June 8,

6   2003.  (Doc. # 89 at p. 17.)  However these subsequent grievances were deemed untimely,

7   because California requires all appeals be filed within 15 working days of the alleged

8   incident or departmental decision.  CAL. CODE REGS. tit. 15 §§ 3084.1(a) & 3084.6(c).

9         Defendant moved to dismiss Plaintiff's Second Amended Complaint for failing to

10  exhaust administrative remedies.  Defendant argued that Plaintiff failed to resubmit his 602

11  appeal, and that this failure to follow California's Inmate Appeals process was fatal to

12  Plaintiff's claim.  The Court agreed and held that "[t]he declarations and exhibits Defendant

13  has presented show that Plaintiff failed to properly exhaust his administrative remedies."

14  (Doc. # 87 at p.4.)  The Court dismissed this case without prejudice, and judgment was

15  entered accordingly.  (Doc. # 87 & 88.)

16  **II.      MOTION FOR RECONSIDERATION**

17        Rule 60(b) of the Federal Rules of Civil Procedure provides that the Court may relieve

18  a party from a final judgment, order, or proceeding for the following reasons:

19        (1) mistake, inadvertence, surprise, or excusable neglect;
          (2) newly discovered evidence that, with reasonable diligence, could not have
20        been discovered in time to move for a new trial under Rule 59(b);
          (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,
21        or misconduct by an opposing party;
          (4) the judgment is void;
22        (5) the judgment has been satisfied, released or discharged; it is based on an
          earlier judgment that has been reversed or vacated; or applying it prospectively
23        is no longer equitable; or
          (6) any other reason that justifies relief.
24
    FED.R.CIV.P. 60(b).
25
          Plaintiff states that he "wishes to present new discoveries and case law that pertain
26
    and relate to this case," which merit reopening this case.  (Doc. # 89 at p. 1.)  Plaintiff states
27
    that he was unable to argue his case due to reasons that prevent Plaintiff from properly
28

functioning, including: (1) his medical disability; (2) his low level of education and communication skills; (3) his lack of legal counsel; (4) the inadequate administrative remedy procedure at the California Correction Institute.  (Doc. # 89 at p. 1–2.)  As Defendants correctly note, Plaintiff's alleged disability, education level and communication skills, and *pro se* status are not "new discoveries" that merit reopening this case.  Plaintiff's case was dismissed due to Plaintiff's failure to refile a complete 602 appeal within the time required by California law.  This case was not dismissed due to Plaintiff's failure to sufficiently plead or argue the merits of his case before the Court.

Plaintiff argues that he was not required to comply with the administrative appeals process, and, alternatively, that the California Correctional Institute did not permit him to follow the administrative procedures.  For these reasons, Plaintiff asks the Court to reopen this case.  Plaintiff cites unrelated decisions and superseded decisions rendered prior to the 1995 amendment of the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"), in support of his motion.

The PLRA requires exhaustion of available administrative remedies before a prisoner can bring an action in federal court.  *See Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) ("The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances.  He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005).

Plaintiff cites to *McCarthy v. Madigan*, 503 U.S. 140 (1992), in support of his argument that he was not required to fully exhaust his administrative remedies before he filed suit.  However, the Supreme Court in *Booth v. Churner* explained that the 1995 amendment to the PLRA supersedes the holding in *McCarthy*:

> Before § 1997e(a) was amended by the Act of 1995, a court had discretion (though no obligation) to require a state inmate to exhaust "such . . . remedies as are available," but only if those remedies were "plain, speedy, and effective."  42 U.S.C. § 1997e(a) (1994 ed.).  That scheme, however, is now a thing of the past, for the amendments eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be "plain, speedy, and effective" before exhaustion could be required.

1  532 U.S. 731, 739 (2001) ("Thus, we think that Congress has mandated exhaustion clearly

2  enough, regardless of the relief offered through administrative procedures.").

3        Plaintiff's reliance on *Gibson v. Berryhill*, 411 U.S. 564 (1973), and *Bruns v.*

4  *Municipality of Anchorage*, 182 F.3d 924 (9th Cir. 1999), is unfounded.  The Supreme Court

5  in *Gibson* addressed a suit by licensed optometrists seeking injunction under the Civil Rights

6  Act to stop hearings before the Alabama Board of Optometry.  The Ninth Circuit in *Bruns*

7  addressed exemptions to the Fair Labor Standards Act.  These cases do not support a finding

8  that the Court should ignore the requirements of the PLRA and permit Plaintiff to maintain

9  an action even though he failed to exhaust his administrative remedies prior to filing suit.

10        Plaintiff appears to argue, in the alternative, that he did in fact comply with the

11  California Correctional Institute's administrative appeals process, because he filed additional

12  602 appeals and sent letters to the various officials in the California prison system.  However,

13  Plaintiff does not contend that he re-filed his timely, but incomplete, 602 appeal within the

14  15 days required by state law.  Plaintiff's subsequent 602 appeals and letters filed after the

15  15-day period do not support a finding that Plaintiff exhausted his administrative remedies.

16  The Court's grounds for dismissing this case based on Plaintiff's failure to exhaust his

17  administrative remedies remains well-founded.

18        The Court finds no reason to reconsider its prior order dismissing this case without

19  prejudice.  The Court previously held that Plaintiff failed to exhaust his available

20  administrative remedies, and Plaintiff has provided no facts to change the Court's prior

21  holding.  Further, the Court finds no reason to reconsider its prior holding on the grounds that

22  Plaintiff should be excused from the PLRA requirements prior to filing suit.  Accordingly,

23  the Court denies Plaintiff's motion for reconsideration.

24  **III.    MOTION TO ADD DOCUMENTS**

25        Plaintiff seeks leave to add additional documents to his motion to reopen this case.

26  Specifically, Plaintiff seeks leave to add medical documents and inmate appeal forms.  The

27  Court notes that Plaintiff already attached nearly 120 pages of medical records and inmate

28  appeal forms to the "Motion to Reopen and Request for Extension of Time to Amend."  The

1  Court denies Plaintiff's motion to add additional documents, because the documents are not
2  newly discovered evidence that, with reasonable diligence, could not have been discovered
3  in time to respond to Defendant's motion to dismiss.  *See* FED.R.CIV.P. 60(b)(2).

4      Further, these documents do not controvert the Court's prior holding that Plaintiff
5  failed to exhaust his administrative remedies.  With or without the addition of these
6  documents, Plaintiff's motion for reconsideration must be denied.  Therefore, the Court will
7  deny Plaintiff's "Motion for Permission to Add Additional Documents Pertaining to Motion
8  to Re-open and Request for Extension of Time to Amend."

9  **IV.    MOTION FOR LEAVE TO AMEND**

10      Plaintiff seeks leave to amend the Second Amended Complaint pursuant to Rule 15(c)
11  of the Federal Rules of Civil Procedure.  As an initial matter, Rule 15(c) does not set forth
12  the circumstances under which a party may amend its pleadings.  Rule 15(c) provides that
13  an amendment to a pleading relates back to the date of the original pleading under certain
14  circumstances.  Regardless, at this juncture in the proceedings, Plaintiff may only amend his
15  pleading with Defendant's consent or with leave from the Court provided that the Court
16  reopens this case.  FED.R.CIV.P. 15(a)(2).

17      Plaintiff seeks leave to add five defendants to the Second Amended Complaint.  The
18  five defendants described in Plaintiff's motion were named in the First Amended Complaint
19  (Doc. # 16), but were omitted from the Second Amended Complaint (Doc. # 27).  Plaintiff
20  states that he inadvertently failed to name these defendants in the Second Amended
21  Complaint, and requests leave to file a Third Amended Complaint to add these defendants.

22      The Court has determined, both in its Order granting Defendant's Motion to Dismiss
23  (Doc. # 87) and in this Order, that Plaintiff has failed to exhaust his administrative remedies.
24  Consequently, this case has been, and appropriately remains, dismissed.  The Court denies
25  Plaintiff's motion to amend his complaint a third time, because Plaintiff cannot cure the
26  deficiency.  No additional facts or parties could reverse Plaintiff's failure to exhaust his
27  administrative remedies; therefore, granting leave to amend would be futile.

28

1    **V.      CONCLUSION**

2           Based on the foregoing,

3           IT IS ORDERED that Plaintiff's "Motion to Reopen and Request for Extension of

4    Time to Amend" (Doc. # 89) is DENIED.

5           IT IS FURTHER ORDERED that Plaintiff's "Motion for Permission to Add

6    Additional Documents Pertaining to Motion to Re-open and Request for Extension of Time

7    to Amend" (Doc. # 91) is DENIED.

8           IT IS FINALLY ORDERED that Plaintiff's "Motion for Leave of Court to Amend"

9    (Doc. # 92) is DENIED.

10          DATED this 8th day of November, 2010.

11

12

13                                            _____
                                              James A. Teilborg
14                                            United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28